## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AHN VO, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 05-CV-064-CVE-FHM |
| | ) |
| NISSAN NORTH AMERICA, INC., a foreign | ) |
| corporation; NISSAN MOTOR COMPANY, | ) |
| LTD., a foreign corporation, | ) |
| | ) |
| | ) |
|      **Defendants.** | ) |

### OPINION AND ORDER

Now before the Court is Defendant's Motion in Limine Limiting Testimony of Officer Freda K. Daugherty (Dkt. # 22). Defendants seek to exclude evidence of a brief exchange between Officer Freda Daugherty and an unidentified witness who was driving behind plaintiff when the events forming the basis of this action occurred.

There is no question that Officer Daugherty's testimony, as it relates to the conversation with the witness, constitutes hearsay for the purposes of Federal Rule of Evidence 802, which prohibits the admission of hearsay evidence. Plaintiff insists, however, that the testimony is admissible under the "present sense impression" and "excited utterance" exceptions to the hearsay rule, codified in Rules 803(1) and 803(2) respectively. Defendant responds that the prejudicial danger posed by the admission of the evidence sufficiently outweights its probative value, making it inadmissible under Rule 403 of the Federal Rules of Evidence.

> Officer Daugherty testified:
>
> Q: And can you please tell me the substance of the conversation that you initially had with this older gentleman?
> A: He said it was a helluva thing. He said this kid swerved--he noticed first that there was smoke and fire. I said, "you could see fire from the front end of his car and you were behind him?" And he said, "Well, I was looking down in through his back glass, in towards the dash, and I"--he said, "I thought I saw flames coming out of the vents, air-conditioning vents."

Plaintiff[']s Objection to Defendant's Motion to Limit and Exclude the Testimony of Trooper Freda K. Daugherty (Dkt. # 40), Ex. 2, Deposition of Freda Kay Daugherty. The witness went on to speculate on the distance between his vehicle and plaintiff's--approximately 300 feet--at the time of the incident. Id.

Even if the Court assumes that the statement of the unidentified witness falls within an exception to the hearsay rule, the testimony must, nevertheless, be excluded under Rule 403 as unfairly prejudicial. Rule 403 prohibits the admission of relevant evidence when the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Plaintiff seeks to admit, through Officer Daugherty, the statement of an eyewitness for whom neither of the parties has any identifying information. Were the Court to admit Officer Daugherty's testimony regarding her conversation with the unidentified witness, defendants would be wholly unable to acquire further details regarding the witness's recollection or to test the accuracy of his account. Indeed, because the witness departed the scene before Officer Daugherty was able to record his statement formally or probe his recollection, she is in no position to provide any insight into the reliability of the witness's statement. The Court further notes that under the balancing required by Rule 403, the probative

value of the witness's statement is limited. According to Officer Daugherty's testimony, the witness speculated on the location of the fire within plaintiff's car, but his statement provides little, if any, support for the theory of causation advanced by plaintiff. Accordingly, the Court finds that the probative value of Officer Daugherty's testimony regarding her conversation with the unidentified witness is sufficiently outweighed by its potential to produce prejudice or mislead the jury, making it inadmissible under Rule 403.

At the pretrial hearing held November 1, 2005, the Court sustained all other grounds for defendant's motion in limine (Dkt. # 22). In light of the Court's ruling relating to Officer Daugherty's testimony, defendant's motion in limine (Dkt. # 22) is **granted** in its entirety.

**DATED** this 2nd day of November, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT